Case 4:19-cv-01164   Document 1-3   Filed on 03/29/19 in TXSD   Page 1 of 7

3/1/2019 5:50 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 31624121
By: C Ougrah
Filed: 3/1/2019 5:50 PM

CAUSE NO. _____

| | | |
|---|---|---|
| AMERICAN PRODUCTIVITY & QUALITY CENTER | § § § | IN THE DISTRICT COURT OF |
| VS. | § § | HARRIS COUNTY, T E X A S |
| HARTFORD FIRE INSURANCE COMPANY | § § § | _____ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE**

COMES NOW, American Productivity & Quality Center, ("Plaintiff") in the above-captioned matter, and files this Original Petition complaining of Hartford Fire Insurance Company ("Defendant") and for cause of action shows the Court as follows:

**DISCOVERY CONTROL PLAN**

1. Plaintiff intends to conduct Level II discovery under Texas Rule of Civil Procedure 190.

2. Under Texas Rule of Civil Procedure 47(c)(4), Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000.

**PARTIES AND SERVICE**

3. Plaintiff American Productivity & Quality Center ("APQC") is a foreign non-profit corporation doing business in Harris County, Texas.

4. Defendant Hartford Fire Insurance Company ("Hartford") is a domestic, for-profit insurance company doing business in Texas and may be served with civil process by serving its registered agent for service, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## JURISDICTION AND VENUE

5.      Venue and jurisdiction are proper in Harris County because all or a substantial part of the activities giving rise to this lawsuit occurred in Harris County.

## FACTUAL BACKGROUND

6.      Plaintiff owns a building at 123 North Post Oak Lane, Houston, Texas. On or about August 27, 2017, the building was substantially damaged by Hurricane Harvey. Specifically, the hurricane's high winds damaged the building's roof, causing openings throughout the roof system. The roof was further damaged by ponding caused by the hurricane's substantial rains, which combined with hurricane debris overwhelmed the building's drainage system. This also affected the roof by compromising the integrity of the roof system, causing even more openings.

7.      A substantial amount of water entered the building through the aforementioned openings and caused considerable interior damages to the building's upper floors. Plaintiff timely submitted a claim with the Hartford, its insurer, for these damages. The Hartford conducted an entirely pretexual and unreasonable investigation of Plaintiff's claim and ultimately denied it.

## CAUSES OF ACTION

### *Breach of Contract*

8.      Hartford's conduct, described above, constitutes a breach of the insurance policy it sold to Plaintiff. This breach has caused damage to Plaintiff that is greater than the minimal jurisdictional limits of this Court.

Certified Document Number: 84136189 - Page 2 of 6

### Good Faith and Fair Dealing

9. Defendant has violated its duty of good faith and fair dealing owed to Plaintiff by, among other things, failing to conduct a thorough investigation and failing to pay Plaintiff's claims once their liability for those claims became reasonably clear. Plaintiff will show that Defendant engaged in certain false, misleading and deceptive acts, practices and/or omissions actionable under the Texas Deceptive Trade Practices-Consumer Protection Act (Texas Business and Commerce Code, Chapter 17.50, et seq.) as alleged herein below.

10. Furthermore, because Defendant maliciously violated its duty of good faith and fair dealing, Plaintiff is entitled to punitive damages in an amount that would deter others similarly situated from repeating such bad faith acts.

### Texas Insurance Code 541.060, 541.061 and 541.152

11. Defendant violated numerous provisions of the Texas Insurance Code Articles 541.060 and 541.061. Defendant's violation of these provisions caused damage to Plaintiff that is greater than the minimal jurisdictional limit of this Court. Plaintiff is entitled to relief in accordance with Article 541.152(a) of the Texas Insurance Code.

12. Plaintiff is also entitled to additional damages pursuant to Article 541.152(b) because Defendant violated that statute knowingly.

### Deceptive Trade Practices Act

13. Defendant's conduct also violates the Texas Deceptive Trade Practices Act ("DTPA"). Defendant's violations of the DTPA include, but are not limited to, committing unconscionable acts and making false representations. Plaintiff has suffered damages as a

result of Defendant's violations of the DTPA that are greater than the minimal jurisdictional limits of this Court.

14. Furthermore, Plaintiff is entitled to additional damages under the DTPA because Defendant violated that statute knowingly.

### *Insurance Code 542.051 et seq.*

15. Defendant also failed to comply with Article 542.051 *et seq.* of the Texas Insurance Code, which regulates the time for paying Plaintiff's claims. As such, Plaintiff is entitled to an additional 18% per annum interest on its unpaid policy proceeds and the policy proceeds that were not timely paid in accordance with the timeline set out in Article 542.051 *et seq.*

### ATTORNEY'S FEES

16. Plaintiff has been required to obtain counsel in order to collect its claims against Defendant. As such, Plaintiff has incurred and will continue to incur reasonable and necessary attorney's fees in prosecuting this matter. Defendant is liable for Plaintiff's reasonable and necessary attorney's fees pursuant to Chapter 38 of the Civil Practice and Remedies Code, Articles 541.060, 541.061, and 542.051 *et seq.* of the Texas Insurance Code, and the DTPA. Plaintiff has presented its claims to Defendant in compliance with Chapter 38 of the Civil Practice and Remedies Code.

Certified Document Number: 84136189 - Page 4 of 6

## CONDITIONS PRECEDENT

17. All conditions precedent have been performed by Plaintiff or have otherwise been satisfied.

## JURY TRIAL

18. Plaintiff requests a jury trial and tenders the appropriate fee herein.

## REQUEST FOR DISCLOSURE

19. Pursuant to Texas Rule of Civil Procedure 194, Defendant is hereby requested to disclose, within fifty (50) days of the service of this petition, the information or material described in Rule 194.2.

## REQUEST FOR RELIEF

20. For these reasons, Plaintiff requests judgment against Defendant for the following:

   A. Actual and consequential damages;

   B. Punitive and additional damages;

   C. Damages for mental anguish;

   D. Reasonable and necessary attorney's fees;

   E. 18% statutory interest;

   F. Pre-judgment and Post-judgment interest as allowed by law;

   G. Costs of court; and

H.    All other relief in law and equity to which Plaintiff may be entitled.

Respectfully submitted,

**THE FAUBUS FIRM**

By: */s/ Dax O. Faubus*
Dax O. Faubus
State Bar No. 24010019
1001 Texas Street, 11th Floor
Houston, Texas 77002
(713) 222-6400 (Telephone)
(713) 222-7240 (Facsimile)
*dax-notice@faubusfirm.com*

**ATTORNEYS FOR PLAINTIFF**

Certified Document Number: 84136189 - Page 6 of 6



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   March 13, 2019

Certified Document Number:        84136189 Total Pages:  6

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**